DILLARD *v.* WILSON.

4-2739

Opinion delivered November 21, 1932.

*Feazel & Steel,* for appellant.

*Carrigan & Monroe,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in the circuit court of Hempstead County to recover $472.74 for supplies furnished to her tenants, J. L. Rogers and Wyatt Rogers, during the year 1930, on written order of appellee addressed to appellant. The order was in the form of a letter, and is as follows:

"Mr. Dillard: Luther and Wyatt Rogers are renting land from me. I bought pair of mules, wagon, &c, for them to work; of course, I have mortgage on a team and also on crop. They say you furnished them last year and would like to trade with you this year. I have tried to see you so we could talk this matter over, but

weather prevents. So you talk with them; let them have what they need. I am willing to do what you require, that is, in a reasonable way. Their note for mules &c is $240 with int. Mr. Wilson is to sell their cotton. I will gladly collect your acct. You can call me if I have not made myself clear. I will back them up in their trade.

(Signed) "Mrs. David Wilson."

Appellee filed an answer interposing the defense that appellant furnished unreasonable and excessive amounts of supplies.

The cause was submitted upon the pleadings, testimony adduced by the parties, and instructions of the court, resulting in a verdict and judgment in the sum of $250 against appellee, from which is this appeal.

During the progress of the trial, and over the objection and exception of appellant, the court admitted the testimony of E. E. Hughes, S. H. Bryant and Ralph Routen, to the effect that it was the custom of the trade amongst merchants in this locality to limit the amounts furnished tenants from $100 to $150, situated as appellee's tenants were. The court construed the written order as authorizing appellant to furnish appellee's tenants only such amounts as were customarily furnished by other merchants to tenants similarly situated, and, over the objection and exception of appellant, instructed the jury that, if it found appellant furnished appellee's tenants unreasonable and excessive amounts, it should deduct this excess from appellant's claim.

There is no dispute in the testimony as to the amount and value of the supplies actually furnished by appellant to said tenants.

A reversal of the judgment is sought upon the ground that the court misconstrued the order and erroneously admitted evidence contradicting the terms thereof. It is argued that, under the express terms of the order, appellant was authorized to furnish appellee's tenants with supplies in unlimited amounts provided no collusion was shown to exist between appellant and the tenants to furnish and receive unreasonable amounts.

Our construction of the order is that it authorized appellant to furnish only such supplies as were reasonably needed by the tenants to pitch and cultivate a one-team crop. Under this interpretation of the order, the court properly admitted testimony as to the customary needs of the tenants, and correctly instructed the jury.

No error appearing, the judgment is affirmed.